**VINCENT R. LAURIA**
*Attorney at Law*
6075 BARFIELD ROAD
SANDY SPRINGS, GEORGIA 30328
(470) 880-5215

April 29, 2020

**VIA E-MAIL ONLY**
**Kristina_jones@gand.uscourts.gov**
Honorable Steven D. Grimberg,
United States District Judge
1767 Richard B. Russell Federal Building
United States Court House
75 Ted Turner Dr., SW
Atlanta, GA 30303-3309
Attn: Kristina Jones

RE: Barbara Connell, et al, v. Metro Corral Partners, LLC
Civil Action File No. 1:19-cv-02710-SDG

Dear Kristina:

Per Fed. R. Civ. P. 26(c), 37(a)(1) and LR 37.1(A), ND Ga., and in accordance with the Court's Standing Order of September 26, 2019, Plaintiff requests a conference with the Court to resolve outstanding discovery disputes as more fully explained in the below STATEMENT and attached Exhibit A.

STATEMENT

Plaintiff seeks full and complete discovery responses from Defendant with regard to Plaintiff's Interrogatories Nos. 5, 10, 15, 17, 18 and 19 and Plaintiff's Request For Production Of Documents Nos. 3 and 8.

Defendant's initial discovery responses were filed on July 19, 2019 which included "will supplement" responses, along with various "boilerplate" objections regarding attorney/client privilege, work-product protection and other general objections that Plaintiff contends are contrary to Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(B ) and (C). Those rules require specific objections with factual basis, as well as other requirements favoring disclosure over non-disclosure.

Following several discussions with Defendant's on the subject and, specifically, Plaintiff's December 4, 2019 letter to Defendant addressing these issues, Defendant filed supplemented responses on February 7, 2020 which provided some, but not all, of the

information Plaintiff sought. Plaintiff's subsequent letter to Defendant of February 20, 2020 again outlined the specific disputes. Defendant responded on March 14, 2020 with its second supplemented responses; however, issues remained. All of Defendant's responses to each identified discovery request are contained in Exhibit A.

Most recently, Plaintiff sent an email to Defendant on March 25, 2020 again pointing out what Plaintiff contends were ongoing deficiencies with Defendant's responses. To date, there has been no further response by Defendant. That email, along with the above-referenced letters and various other emails on the subject, are available to the Court, if necessary.

In light of the above and given the exigent circumstances of Covid-19, Plaintiff respectfully requests the Court's assistance is resolving these discovery disputes without the time or necessity of a formal Motion To Compel.

Should you have any questions or require other documents, please let me know. Thank you.

Very truly yours,

VINCENT R. LAURIA

VRL/lks

cc: John W. Campbell, Attorney at Law
Nnenna T. Opara, Attorney at Law

EXHIBIT A

DEFENDANT METRO CORRAL PARTNERS, LLC'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

5.

Please state the name, present or last known address, dates of employment and job title or descriptions of any and all (current or past) employees of Defendant who were working at the store in question on the date of the incident herein.

RESPONSE: Counsel for Defendant has requested a list of all employees who were working at the store on the date of the incident and will supplement this response.

FIRST SUPPLEMENTED RESPONSE: Barbara Doucet, Cashier/Server, 403 Tucker Drive, Newnan, Georgia 30263; Edna Allen, Manager/Cashier/Server/Kitchen, 50 Masters Drive, Newnan, Georgia 30265; Wendy Camp, Cashier/Kitchen/Server, 610 Highway 29S Apt#26, Newnan, Georgia 30263; Hannah Spradlin, Cashier/Server/Kitchen/Bakery Dept./Line Dept., 1865 Millard Farmer Road, Newnan, Georgia 30263.

**SECOND SUPPLEMENTED RESPONSE: Barbara Doucet, Cashier/Server, 403 Tucker Drive, Newnan, Georgia 30263; Edna Allen, Manager/Cashier/Server/Kitchen, 50 Masters Drive, Newnan, Georgia 30265; Wendy Camp, Cashier/Kitchen/Server, 610 Highway 29S Apt#26, Newnan, Georgia 30263; Hannah Spradlin, Cashier/Server/Kitchen/Bakery Dept./Line**

**Dept., 1865 Millard Farmer Road, Newnan, Georgia 30263. In addition, the following employees were working on the day of the incident: Tammy Hooper, Server Dept./Server; Havier Smith, Server Dept./Server; Jennifer Goodall, Server Dept./Server; Diane Cheatwood, Server Dept./Server; Gabrialle Grier, Server Dept./Server; Linda Patrick, Line Dept./Line Attendant; Francisco Quino, Utility Department/Utility; Fang Porter, Server Dept./Server; Andrea Grier, Kitchen; Jose Hernandez-Nava, Kitchen; Loren Greene, GEA; Jesus Robles-Aquino, Bakery Dept./Bakery Attendant; Earl Ausby, Kitchen; Devan John, Server Dept./Server; Sheila Werner, Server Dept./Server; Liandro Nino IV, Kitchen; Wakinda Laster, Line Dept./Line Attendant; Sabrina Pendley, Line Dept./Line Attendant; Darrius Gray, Utility Department/Utility; Amy Vettese, Line Depart./Line Attendant; Jamie Castillo Avila, Utility Dept./Utility; Carey Spradlin, Server Dept./Server; Jeremias Mazariego, Utility Department/Utility; Daniel Arguelles, Kitchen; Tamikka Parks, Server Dept./Server; Miguel Martinez, Kitchen; Esmeralda Obregon, Bakery Dept./Bakery Attendant; Patricia Smith, Server Dept./Server; Helen Spain, Server Dept/Server; Christopher Friday, Line Dept./Line Attendant; Guillermo Juarez, Bakery Dept./Bakery Attendant; Remedios G. Juarez, Kitchen; Carole Cannon, Server Dept./Server; Lorena Estrada-Olea, Cold Choice Dept.; Ramon Ruano, Kitchen; Antonia Mendoza, Cold Choice Dept.;**

**Silvia Serrano, Cold Choice Dept; Monica Grier, Server Dept./Server; Cristina Santibanez, Kitchen; Qing Craver, Server Dept./Server; Jin Yu, Server Dept./Server; Jose Dimas, Kitchen; Elias Valdivia, Meat Preparation Dept.; Shannon Jackson, Server Dept./Server; Megan Wooten, Server Dept./Server.**

Plaintiff has narrowed this request to include only "servers" and former employees, which shortens the list substantially. The addresses and last dates of employment for any such individual should be readily available as the addresses of earlier-named employees was previously given.

10.

Was it in the regular course of business and standard procedure for this Defendant to investigate any incident on the premises wherein a patron was injured, or claimed to be injured, and to reduce to writing the results of said investigation? If so, please state the name and last known address of the person or persons who conducted the investigation of the incident in question, and the substance of that investigation and in whose custody and possession such written results are.

RESPONSE: Counsel for Defendant has requested a copy of Defendant's policies

and procedures and will supplement this response to this interrogatory at a later date. SUPPLEMENTED RESPONSE: Defendant retained defense counsel following communications with Plaintiff's counsel on or about October 5, 2017. Any documents produced by defense counsel is protected under attorney-client privilege, the work product doctrine and/or documents prepared in anticipation of litigation.

**SECOND SUPPLEMENTED RESPONSE: The Metro Corral Safety Program states the following: "Metro Corral is concerned about the safety of our Co-workers and guests. To ensure a safe environment, practice a clean-as-you-go attitude. Slips and falls are the major causes of most restaurant accidents, so always wipe spills immediately, clean floors regularly and thoroughly, and always use "Wet Floor" signs. Use caution when operating any equipment. Report any equipment problems to your restaurant Manager immediately. Always ask for instruction or assistance if necessary." Other than description of the incident that has been produced with these interrogatories, there are no other documents to be produced that are responsive to these interrogatories.**

Plaintiff is seeking any reports or statements given by restaurant personnel at or around the time of the incident, as such "incident reports" are typically prepared

by premises owners in like situations. Plaintiff is not requesting any investigations on or after October 5, 2017, when defense counsel was hired.

15.

State fully all the efforts you made subsequent to the incident in question to learn about the general hazards and conditions of people tripping and/or falling on your premises, and what you did to and prevent future incidents from occurring.

RESPONSE: Metro Corral Partners objects to this interrogatory as it seeks non-admissible evidence of subsequent remedial measures; and, therefore is not reasonably calculated to lead to the discovery of admissible evidence.

SUPPLEMENTAL RESPONSE: Defendant objects to this interrogatory under Federal Rules of Civil Procedure 407, which states that when measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product or its design, or a need for a warning or instruction.

**SECOND SUPPLEMENTAL RESPONSE: Defendant objects to this interrogatory under Federal Rules of Civil Procedure 407, which states that when measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product or its design, or a need for a warning or instruction. Subject to and without waiving said objections,**

**Defendant continued its manager meetings and safety meetings, which are held two times per month and once per month, respectively.**

Assuming the Defendant took supplement remedial measures (as suggested), FCRP 407 provides exceptions as to the general admissibility of such measures. Plaintiff contents that such measures are discoverable, subject to the Court's determination of inadmissibility at the time offered. Further, Defendant's response concerning "manager meetings and safety meetings" do not tell what was discussed in the way of safety, what changes, if any, were made, and why.

17.

For the 10 years prior to 5/5/17, please describe in detail any previous incidents of which this Defendant is aware which occurred in the same or substantially the same manner as the subject incident at the premises in question or at any of Defendant's other locations.

RESPONSE: Metro Corral Partners objects to this interrogatory as it is vague and unduly burdensome and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as it does not clearly identify what constitutes the "same or substantially the same manner". Subject to and without waiving said objection, Defendant is in the process of reviewing its records and will produce any non-privileged, responsive

information to this interrogatory.

SUPPLEMENTED RESPONSE: Defendant object to this interrogatory as it is not relevant, is overly and unreasonably broad in time and scope, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, Defendant will withhold responsive information prior to May 2012, but is producing information as to incidents of individuals allegedly tripping over chairs in the subject restaurant for the period of 5 years preceding this subject incident. Please see the attached list of incidents.

**SECOND SUPPLEMENTED RESPONSE: Defendant object to this interrogatory as it is not relevant, is overly and unreasonably broad in time and scope, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, Defendant will withhold responsive information prior to May 2012, but is producing information as to incidents of individuals allegedly tripping over chairs in the subject restaurant for the period of 5 years preceding this subject incident. Please see the attached list of incidents. Plaintiff's counsel has advised that the original production of previous incidents were too small to view on the disc. Another copy of the incidents are being produced with these responses.**

Defendant has given no reason, legal or otherwise, for limiting this response to five years or to the subject restaurant only. Moreover, Defendant did provide a "spreadsheet" printing out similar incidents in the past five years, occurring at the subject restaurant only (Store 861 - see attached), so there should be no difficulty in going back ten years, nor in providing spreadsheets of similar incidents in its other locations. All such prior similar incidents are relevant and discoverable.

18.

Since 5/5/17 please describe in detail any <u>subsequent</u> incidents of which Defendant is aware which occurred in the same or substantially the same manner as the subject incident at the premises in question or at any of Defendant's similar locations.

RESPONSE: Metro Corral Partners objects to this interrogatory as it is vague and unduly burdensome and seeks information not reasonably calculated to lead to the discovery of admissible evidence.

SUPPLEMENTAL RESPONSE: Defendant objects to this interrogatory as it is not relevant, is overly broad in time and scope, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendant will withhold any and all materials in reference to any incidents that occurred after May 5, 2017. Subject to and without waiving said objection, Defendant will

withhold responsive materials but is producing information as to incidents of individuals allegedly tripping over chairs in the subject restaurant for the period of 5 years preceding this subject incident. Please see the attached list of incidents.

**SECOND SUPPLEMENTED RESPONSE: Defendant renews its objections as previously stated, but is producing information as to incidents of individuals allegedly tripping over chairs in the subject restaurant for the period of 5 years preceding this subject incident. Please see the attached list of incidents. Plaintiff's counsel has advised that the original production of previous incidents were too small to view on the disc. Another copy of the incidents are being produced with these responses.**

Subsequent similar incidents at all of Defendant's location may also be admissible for purposes that fall outside the general rule, such as for impeachment or rebuttal. Again, discovery is to be liberally construed. The Court will ultimately make the determination on admissibility. Plaintiff's request is not overbroad in time and scope, for the same reasons as No. 17 hereinabove.

19.

Describe any claims or lawsuits that heretofore been brought against this Defendant by reason of accident or injury similar to the subject incident at the subject premises or at the premises of any of Defendant's other locations.

RESPONSE: Metro Corral Partners objects to this interrogatory as it is vague and unduly burdensome and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as it does not clearly identify what constitutes the "same or substantially the same manner." Subject to and without waiving said objection, Defendant is in the process of reviewing its records and will produce any non-privileged, responsive information to this interrogatory.

**SUPPLEMENTAL RESPONSE: Defendant renews its objections as previously stated, but is producing information as to claims of individuals allegedly tripping over chairs in the subject restaurant for the period of 5 years preceding this subject incident. Please see the attached list of incidents. Plaintiff's counsel has advised that the original production of previous incidents were too small to view on the disc. Another copy of the incidents are being produced with these responses.**

Lawsuits and claims arising from similar incidents, whether prior to or subsequent to the incident in question, and within the knowledge of the Defendant, are relevant and discoverable.

DEFENDANT METRO CORRAL PARTNERS, LLC'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S S REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE DOCUMENTS

3.

All documents including, but not limited to, employee manuals, memoranda or correspondence pertaining to safety rules and/or regulations to be followed by employees to promote customer safety on Defendant's premises. This includes any training films, videotapes, slides, photos, or other instrumental material which this Defendant utilizes in training its employees.

RESPONSE: Counsel for Defendant has requested a copy of employee manuals and will supplement this response to this interrogatory at a later date.

SUPPLEMENTED RESPONSE: Defendant object to this request as it is vague and ambiguous, is overly broad in scope, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. It also improperly seeks information regarding subsequent and remedial measures. Subject to and without waiving said objections, Defendant is reviewing its files for copies of any pertinent and applicable policies and procedures related to the dining areas and store chairs in place at the time of the subject incident, and to the extent they exist, will supplement this response upon execution of an Agreed Protective Order.

**SECOND SUPPLEMENTED RESPONSE: The Metro Corral Safety Program states the following: "Metro Corral is concerned about the safety of**

**our Co-workers and guests. To ensure a safe environment, practice a clean-as-you-go attitude. Slips and falls are the major causes of most restaurant accidents, so always wipe spills immediately, clean floors regularly and thoroughly, and always use "Wet Floor" signs. Use caution when operating any equipment. Report any equipment problems to your restaurant Manager immediately. Always ask for instruction or assistance if necessary."**

Plaintiff agreed to limits its request to only the index and that section of Defendant's "Co-Worker Manual" dealing with "Safety and Security", as described by Defendant. However, the documents provided by Defendant do not match the pages on the index. Plaintiff has requested clarification.

8.

Previous incidents similar to the incident subject occurring on the subject premises or at any of Defendant's locations from 515/17 to and through the present.

RESPONSE: Please see response to request number 4.

**SUPPLEMENTAL RESPONSE: Defendant object to this request as it is not relevant, is overly and unreasonably broad in time and scope, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendant will withhold any and all materials in reference to any in**

**incidents that occurred after May 5, 2017 or at other store locations. Subject to and without waiving said objection, Defendant is producing information regarding incidents of individuals allegedly tripping over chairs in the subject restaurant for the 5 years preceding the subject incident. Please see the attached list of similar incidents.**

Plaintiff simply reasserts the same arguments made in response to Interrogatories Nos. 17 and 18 hereinabove; i.e, both previous and subsequent similar incidents are discoverable.

| Store Name | Store Number | Date of Loss | Claimant Name | Zone | Description | Time |
|---|---|---|---|---|---|---|
| Newnan | 861 | 07/01/12 | D., C. | Hall way to restrooms | Mr. C. was walking in direction of the restroom and stumble over a chair that was standing along the side of the wall. Guest held chair before losing his balance and falling over the chair landing on his back. | 6:15 PM |
| Newnan | 861 | 09/20/12 | O., V. | 300 Section Front Table | Ms. O. tripped over a chair leg and fell, hitting her head on the floor. | 6:30PM |
| Newnan | 861 | 12/21/13 | T., P. | Dining Room | Tripped over chair | 9:02PM |
| Newnan | 861 | 03/22/14 | C., O. | Dining Room | Child tripped over the chair fell and hit the side of her face. | 8:15PM |
| Newnan | 861 | 03/07/15 | M., E. | Dining Room | Guest stated that she tripped over a chair leg and fell. She stated that she landed on her right hand and right hip | 9:30PM |
| Newnan | 861 | 11/27/15 | M., J. | 700 Window | hit her knee. At 10:30 she complained of knee and hip pain. Continued to | 9:00AM |
| Newnan | 861 | 05/05/17 | Connell, Teddy Max | Unknown | ell in Newnan on 05-05-17. Ted Connell had died after 2 knees surgeries | NA |