IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BARBARA CONNELL, INDIVIDUALLY, AND AS SURVIVING SPOUSE OF TEDDY MAX CONNELL, DECEASED; AND GREGORY SCOTT WILLIAMS, AS EXECUTOR OF THE ESTATE OF TEDDY MAX CONNELL, DECEASED, <br><br> Plaintiffs, <br><br> v. <br><br> GOLDEN CORRAL CORPORATION, A FOREIGN FOR-PROFIT CORPORATION AND METRO CORRAL PARTNERS, LLC, A FOREIGN LIMITED LIABILITY COMPANY, <br><br> Defendants. | Civil Action No. 1:19-CV-02710- SDG |

## ORDER

At 10 a.m. on May 7, 2020, the Court held a telephone conference with legal representatives of all parties to discuss outstanding discovery disputes pursuant to Plaintiffs' request for same filed with this Court on April 29, 2020.

The Court having read and considered Plaintiffs' filing and having heard

from all counsel on these matters, it is hereby ORDERED and ADJUDGED that:

With respect to Plaintiffs' Interrogatory No. 5, this Court GRANTS Plaintiffs' request which Plaintiff agreed may be limited to "servers" only who are no longer employed with Defendant.

With respect to Plaintiffs' Interrogatory No. 10, the Defendant has stated that it did not prepare any "incident report" or contemporaneous writing of the subject incident and that all such information regarding the subject incident is contained in the spreadsheet provided to and acknowledged by Plaintiff. Defense counsel will, however, re-confirm to Plaintiffs' that no such report or writing described herein exists.

With respect to Plaintiffs' Interrogatory Request No. 15, Defendant states that no such actions were taken in direct response to the subject incident.

With respect to Plaintiffs' Interrogatory No. 17, the Court GRANTS Plaintiffs' request that Defendant provides to Plaintiff copies of all prior incidents similar to the subject incident at all Defendant's store locations in Georgia for a period of 5 years prior to the date of the subject incident, from May 5, 2012 through May 5, 2017.

With respect to Plaintiffs' Interrogatory No. 18, the Court DENIES Plaintiffs' request for records of similar incidents subsequent to the date of the subject

incident. Plaintiffs, however, reserve the right to file at the appropriate time a Motion in Limine to preclude Defendant from introducing evidence that similar incidents had not occurred at any of Defendant's stores subsequent to the subject incident.

With respect to Plaintiffs' Interrogatory No. 19, the Court GRANTS Plaintiffs' request that Defendant identify information of any lawsuit filed against Defendant (even if filed beyond 5/5/17) arising from any incident similar to the subject incident at any of Defendant's Georgia locations occurring within the 5 years prior to the subject incident, from May 5, 2012 through May 5, 2017.

With respect to Plaintiffs' Request for Production of Documents No. 8, the Court DENIES Plaintiffs' request for such documents consistent with the Court's ruling on Plaintiffs' Interrogatory No. 18 hereinabove.

The Court directs the Defendant to produce any and all documents or other information described hereinabove within 14 days from the date of this Order; provided, however, the parties may mutually consent to extend this time period as reasonably necessary.

Due to exigent circumstances, the Court GRANTS Defendant's request to extend the discovery period from June 15, 2020 until **July 15, 2020**. Deadlines in the Court's August 15, 2019 scheduling order that have already passed are not

3

reopened or extended. Dispositive motions shall be filed no later than **August 14, 2020**. If dispositive motions are not filed, the Consolidated Pre-Trial Order must be filed by **August 14, 2020**; otherwise, the Consolidated Pre-Trial Order will be due 30 days after the Court's ruling on any dispositive motions.

IT IS SO ORDERED this the 11th day of ___May___, 2020.

_____
Steven D. Grimberg, Judge
United States District Court